PAUL L. MORE, Bar No. 228589
pmore@msh.law
LUKE DOWLING, Bar No. 328014
ldowling@msh.law
McCracken, Stemerman & Holsberry, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201

*Attorneys for Proposed Intervenor United Food & Commercial Workers Local 324*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA GROCERS ASSOCIATION, a California non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LONG BEACH, a charter municipality,<br><br>Defendants,<br><br>UNITED FOOD & COMMERCIAL WORKERS LOCAL 324<br><br>Proposed Intervenor. | Case No. 21-cv-00524-DMG-AS<br><br>**PROPOSED INTERVENOR UNITED FOOD & COMMERCIAL WORKERS LOCAL 324's UNOPPOSED MOTION TO INTERVENE**<br><br>**Judge: Hon. Dolly M. Gee**<br><br>**Date: March 12, 2021**<br><br>**Time: 9:30 AM**<br><br>**Location: Courtroom 8C**<br><br>[Fed. R. Civ. P. 24] |

# MOTION AND NOTICE FOR INTERVENTION

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 12, 2021, at 9:30 a.m., or at such date as the Court may schedule hearing, United Food & Commercial Workers Local 324 ( "Local 324") will and hereby does move the Court for leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) and (b) and for leave to file the appended motion to dismiss.

Plaintiff California Grocers Association and Defendant City of Long Beach do not oppose, and have stipulated to, Local 324's intervention in this case, as set forth in Exhibit B to this motion. Local 324 submits this motion and accompanying brief to demonstrate that it meets the requirements for intervention of right under Federal Rule of Civil Procedure 24(a), and that in any case, the Court should grant it permissive intervention pursuant to Rule 24(b).

This motion is based on the accompanying Memorandum of Points and Authorities, Stipulation to Intervention, on the full records in this matter, and on such further briefing and argument as the Court may request.

Dated: February 9, 2021　　　　　　　Respectfully Submitted,

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

By: */s/Paul L. More*
　　PAUL L. MORE
　　LUKE DOWLING

*Attorneys for Proposed Intervenor United Food & Commercial Workers Local 324*

PAUL L. MORE, Bar No. 228589
pmore@msh.law
LUKE DOWLING, Bar No. 328014
ldowling@msh.law
McCracken, Stemerman & Holsberry, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201

*Attorneys for Proposed Intervenor United Food & Commercial Workers Local 324*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA GROCERS ASSOCIATION, a California non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LONG BEACH, a charter municipality,<br><br>Defendants.<br><br>UNITED FOOD & COMMERCIAL WORKERS LOCAL 324<br><br>Proposed Intervenor. | Case No. 21-cv-00524<br><br>**PROPOSED INTERVENOR UNITED FOOD & COMMERCIAL WORKERS LOCAL 324's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE**<br><br>**[Fed. R. Civ. P. 24]** |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ........................................................................................................... 3

    I.    Local 324 Has A Right to Intervene In This Action. ....................................... 3

        A.    This motion is timely. ................................................................................ 3

        B.    Local 324 has significant protectable interests in the Ordinance. ................... 4

        C.    Enjoining the Ordinance or declaring it unconstitutional would impair Local 324's ability to protect its interests. ................................................................ 5

        D.    The City may not adequately represent Local 324's interests. ...................... 6

    II.    Local 324 also qualifies for permissive intervention. ..................................... 8

CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*520 S. Michigan Ave. Assocs., Ltd. v. Shannon*,
   549 F.3d 1119 (7th Cir. 2008) ...................................................................................8

*Am. Hotel & Lodg. Ass'n v. City of L.A.*,
   No. CV 14-09603-AB (SSX), 2015 WL 12745805 (C.D. Cal. Mar. 25, 2015) ........................................................................................... 1, 5, 6, 7

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*,
   119 F.Supp.3d 1177 (C.D. Cal. 2015), aff'd, 834 F.3d 958 (9th Cir. 2016) ..........................................................................................................8

*Californians for Safe & Competitive Dump Truck Trans. v. Mendonca*,
   152 F.3d 1184 (9th Cir. 1998) ................................................................... 1, 5, 6, 7

*Citizens for Balanced Use v. Mont. Wilder. Ass'n*,
   647 F.3d 893 (9th Cir. 2011) ...................................................................................3

*Doe v. Pryor*,
   344 F.3d 1282 (11th Cir. 2003) ..............................................................................6

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ...................................................................................3

*Employee Staffing Services v. Aubry*,
   20 F.3d 1038 (9th Cir. 1994) ...................................................................................9

*Fortuna Enter. L.P. v. City of Los Angeles*,
   673 F.Supp.2d 1000 (C.D. Cal. 2008) ....................................................................8

*Freedom from Religion Found., Inc. v. Geithner*,
   644 F.3d 836 (9th Cir. 2011) ...................................................................................8

*Golden Gate Rest. Ass'n v. City & Cty. of S.F.*,
   No. C 06-06997 JSW, 2007 WL 1052820 (N.D. Cal. April 5, 2007) ..............5, 6, 7

*Greene v. United States*,
   996 F.2d 973 (9th Cir. 1993) ...................................................................................6

*Hope Clinic v. Ryan*,
   249 F.3d 603 (7th Cir. 2001) ..........................................................................................6

*Idaho Farm Bureau Fed'n v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995) ......................................................................................3, 4

*Livadas v. Bradshaw*,
   512 U.S. 107 (1994).......................................................................................................8

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) .........................................................................................3

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996) ...........................................................................................8

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) (en banc) ........................................................................6

*RUI v. City of Berkeley*,
   371 F.3d 1137 (9th Cir. 2004) .......................................................................................8

*Sagebrush Rebellion v. Watt*,
   713 F.2d 525 (9th Cir. 1983) ............................................................................ 4, 6, 7, 8

*Sierra Club v. EPA*,
   995 F.2d 1478 (9th Cir. 1993) .......................................................................................3

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) .........................................................................................7

*Sw. Ctr. for Biolog. Div. v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ..................................................................................3, 5, 6

*Trbovich v. United Mine Workers*,
   404 U.S. 528 (1972).......................................................................................................6

*United States v. City of L.A.*,
   288 F.3d 391 (9th Cir. 2002) .....................................................................................5, 6

*Vivid Enter., LLC v. Fielding*,
   774 F.3d 566 (9th Cir. 2014) .........................................................................................3

*Woodfin Suite Hotels LLC v. City of Emeryville*,
  No. 06-cv-1254-SBA, 2006 WL 2739309 (N.D. Cal. Aug 23, 2006) ......................8

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(a)(1)(A)(i) ...................................................................................4

Fed. R. Civ. P. 24 .....................................................................................................5

Fed. R. Civ. P. 24(a) ............................................................................................3, 5

Fed. R. Civ. P. 24(b)(3) ............................................................................................8

**Other Authorities**

James Wm. Moore, et al., *Moore's Federal Practice* § 24.03[4][a] (3d
  ed. 1999) ..............................................................................................................6

## INTRODUCTION

United Food and Commercial Workers Local 324 ("Local 324"), a labor union that represents grocery store and other retail workers in Long Beach and Orange County, brings this unopposed motion for leave to intervene in this action and to file the appended motion to dismiss as Exhibit A.  The City and Plaintiff California Grocers Association do not oppose and have stipulated to Local 324's intervention. *See* Ex. B.  Local 324 files this brief to provide to explain why the Court should grant intervention.

The City of Long Beach's Premium Pay for Grocery Workers Ordinance ("Ordinance") requires that large grocery stores pay frontline workers an hourly premium to compensate them for special risk they face during the pandemic and to encourage their retention.  Local 324 was a principal advocate for passage of the Ordinance.

CGA sued the City alleging that the Ordinance is preempted by federal labor law and violates the Equal Protection and Contract Clauses of the U.S. and California Constitutions.  In its Complaint, CGA makes many allegations concerning Local 324, both in its capacity as a proponent of the Ordinance and as the collective-bargaining representative of workers covered by the Ordinance.

Local 324 seeks leave to intervene in this lawsuit to defend its interest as a principal proponent of the Ordinance and its members' interests in the Ordinance's increased pay for hazardous work.  Courts regularly grant intervention to unions seeking to defend protective legislation that benefits their members and for which they lobbied.  *See e.g.*, *Californians for Safe & Competitive Dump Truck Trans. v. Mendonca,* 152 F.3d 1184, 1189–90 (9th Cir. 1998); *Am. Hotel & Lodg. Ass'n v. City of L.A.,* No. CV 14-09603-AB (SSX), 2015 WL 12745805, at *1 (C.D. Cal. Mar. 25, 2015).

Local 324 has a right to intervene in this matter.  This motion is timely—filed weeks after CGA filed its complaint.  Local 324 has a significant protectable interest in

the Ordinance both as its proponent and as a union whose members benefit from it. Those interests would be impaired by an injunction preventing the City from enforcing the Ordinance and by the *stare decisis* effect of a declaration that the Ordinance is unconstitutional on Local 324 members' private actions to enforce the measure. Finally, the City may not adequately represent Local 324's interests in the Ordinance because Local 324's interests are narrower than those of the public-at-large. Additionally, Local 324 and its counsel can contribute to the Court's understanding of this case through knowledge of the grocery retail industry and expertise in the constitutional and federal preemption issues that CGA raises.

## STATEMENT OF FACTS

Local 324 is a labor union that represents grocery store workers in Southern California, including many who work at grocery stores in the City and are covered by the Ordinance. Complaint (Doc. 9), ¶13. Local 324 was a principal supporter of the Ordinance. Doc. 9. ¶16.

The Ordinance provides grocery store workers an additional four dollars per hour of work. Ordinance, §5.91.050. It exempts stores with 300 or fewer employees nationwide or an average of fifteen or fewer employees per store in the City. *Id.* at § 5.91.040.

The Ordinance is intended to "compensate[] grocery store workers for the risks of working during a pandemic[,]" noting such workers face "magnified risks of catching or spreading the COVID-19 disease because the nature of their work involves close contact with the public[.]" *Id.* at § 5.91.005. The Ordinance is also designed to "ensure[] the retention of these essential workers who are on the frontlines of this pandemic providing essential services and who are needed throughout the duration of the COVID-19 emergency." *Id.*

The City passed the Ordinance as an emergency measure, and it expires after 120 days unless the City extends it. *Id.* at § 5.91.050(C). In order to ensure that the Ordinance is not rendered a nullity, the Ordinance prohibits grocery stores from

reducing workers' other compensation or work hours in response to the Ordinance. *Id.* at § 5.91.060. It also provides workers a private right of action to enforce the Ordinance. *Id.* at 5.91.120.

## ARGUMENT

### I. Local 324 Has A Right to Intervene In This Action.

The Ninth Circuit interprets Rule 24(a) liberally in favor of intervention. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006); *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998). All well-pleaded, non-conclusory allegations in the motion to intervene and accompanying pleadings are accepted as true "absent sham, frivolity or other objections." *Sw. Ctr. for Biolog. Div. v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Courts apply a four-part test to determine whether intervention is appropriate:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. EPA,* 995 F.2d 1478, 1481 (9th Cir. 1993). Local 324 meets these requirements.[1]

### A. This motion is timely.

This motion was filed weeks after the complaint, so it is timely. *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilder. Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (intervention motion filed less than three months after complaint timely); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (intervention motion filed four months after complaint filed timely). The City has not yet filed a responsive

---

[1] Intervenors do not need to demonstrate Article III standing. *See Vivid Enter., LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014).

pleading, and this motion and the accompanying motion to dismiss are brought within the window for such a pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

### B. Local 324 has significant protectable interests in the Ordinance.

Local 324 has two separate interests in the Ordinance each sufficient to support intervention of right. First, it supported the passage of the Ordinance. Second, Local 324's members are direct beneficiaries of the Ordinance's premium pay requirement.

#### 1. Local 324 has a significantly protectable interest as a supporter of the Ordinance.

"[A] public interest group [is] entitled as a matter of right to intervene in an action challenging the legality of a measure which it supported." *Sagebrush Rebellion v. Watt*, 713 F.2d 525, 526–27 (9th Cir. 1983) (citing *Wash. State. Bldg. & Constr. Trades v. Spellman*, 684 F.2d 627 (9th Cir. 1982)); *see also Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir.1995) ("[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported."). Local 324 was a primary supporter of the Ordinance's passage, as the Complaint recognizes. Doc. 9, ¶16. Local 324 is entitled as a matter of right to defend the law.

The Complaint puts Local 324's support for the Ordinance at issue, which is another reason that intervention of right is warranted. The Complaint alleges that the stated purposes of the Ordinance are "merely an attempt to impose a public policy rationale on interest-group driven legislation for labor unions and, in particular, for [Local 324]." Doc. 9, ¶35; Doc. 9, ¶16 (describing Local 324 and its parent union's campaign to secure hazard pay for grocery store workers). This action thus seeks to punish Local 324 for engaging in constitutionally protected petitioning activity to pass legislation beneficial to the grocery store workers it represents and to discredit that legislation based on Local 324's advocacy. Local 324 is entitled to intervene to protect its right to engage in the legislative process.

### 2. Local 324 has a significant protectable interest in the benefits the Ordinance provides to its members.

Unions have a protectable interest where their members' interests are implicated. *See, e.g.*, *United States v. City of L.A.*, 288 F.3d 391, 398–99 (9th Cir. 2002) (finding police officers' union had a protectable interest because the complaint sought injunctive relief affecting the union's members); *Am. Hotel & Lodg. Ass'n*, 2015 WL 12745805 at *3–4 (finding unions had a protectable interest because members received benefits from minimum-wage ordinance); *Golden Gate Rest. Ass'n v. City & Cty. of S.F.*, No. C 06-06997 JSW, 2007 WL 1052820, at *2 (N.D. Cal. April 5, 2007) (finding unions had a protectable interest in defending against challenge to local health-care ordinance from which unions' members received benefits). For instance, the Ninth Circuit held a union had a protectable interest in defending California's prevailing wage law against a claim that it was preempted because the union's members had an interest in "receiving the prevailing wage for their services as opposed to a substandard wage." *Mendonca,* 152 F.3d at 1189–90. Similarly, Local 324's members have an interest in receiving fair and equitable compensation for the considerable risks they face while providing an essential service during the COVID-19 pandemic.

Either Local 324's interest as a proponent of the measure or its members' interest in receiving the Ordinance's benefits are sufficient to satisfy this prong of the Rule 24(a) test for intervention of right.

### C. Enjoining the Ordinance or declaring it unconstitutional would impair Local 324's ability to protect its interests.

A party is entitled to intervene when "their interests would as a *practical matter* be impaired or impeded by the disposition of [the] action." *Berg*, 268 F.3d at 822 (emphasis added); *see also* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment (stating party is entitled to intervene if a determination in an action would affect them "in a practical sense").

The injunction sought by CGA would impair Local 324's members' interest in the Ordinance's hazard pay. *See Mendonca,* 152 F.3d at 1190; *Am. Hot. & Lodg. Ass'n*, 2015 WL 12745805 at *4; *Golden Gate Rest. Ass'n*, 2007 WL 1052820 at *3. It would prevent the City from enforcing the Ordinance on Local 324's members' behalf, requiring Local 324 or individual members to bear the cost of enforcing the Ordinance via the Ordinance's private right of action. *Cf. Hope Clinic v. Ryan*, 249 F.3d 603, 605 (7th Cir. 2001) (holding private right of action cannot be enjoined in case with only public defendants); *see also Doe v. Pryor*, 344 F.3d 1282 (11th Cir. 2003) (same); *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc) (same). State-court enforcement through the Ordinance's private right of action could be hindered through the *stare decisis* effect of a declaration that the Ordinance is unconstitutional. *See Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993) (*citing United States v. Oregon,* 839 F.2d 635, 638 (9th Cir. 1988)) ("Intervention may be required when considerations of *stare decisis* indicate that an applicant's interest will be practically impaired."); *cf. City of L.A.*, 288 F.3d at 397-98 ("By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.").

**D.     The City may not adequately represent Local 324's interests.**

Intervention is appropriate if the proposed intervenors make the "minimal" showing that their interests "may be" inadequately represented by the existing parties. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (granting intervention to union members aligned with Secretary of Labor's position in the case because Secretary had duties not only to union members but to the public generally); *Sagebrush Rebellion*, 713 F.2d at 528; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823; *see also* 6 James Wm. Moore, et al., *Moore's Federal Practice* § 24.03[4][a] (3d ed. 1999) ("[T]he applicant should be treated as the best judge of whether the existing

parties adequately represent his or her interests, and . . . any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors.").

This minimal burden is satisfied when the applicant (or its members) have interests that are "more narrow and parochial than the interests of the public at large." *Mendonca*, 152 F.3d at 1190; *see also Sierra Club v. Espy,* 18 F.3d 1202, 1207–08 (5th Cir. 1994) (finding government representation of interests inadequate because "[t]he government must represent the broad public interest, not just the economic concerns of the timber industry").

Local 324 has a more narrow and parochial interest than the City because CGA's labor-law preemption argument focuses on the Ordinance's alleged effects on Local 324's collective bargaining agreements and negotiations.  *See* Doc. 9, ¶ 26 ("The Ordinance establishes premium pay standards that, by design or consequence, empower the UFCW . . . to secure a wage rate they could not have otherwise obtained[.]")  In *American Hotel and Lodging Association*, the court found a union had a "distinct interest" in defending against a plaintiff's arguments that a local minimum wage ordinance was preempted because it distorted the collective bargaining process.  2015 WL 12745805 at *5.  The same is true here.  Although the City has a general interest in defending the Ordinance, it does not have the same interest in responding to CGA's attempt to use Local 324's collective bargaining as a weapon against Local 324's members.

Additionally, Local 324 has a more narrow interest than the City because it solely represents the Ordinance's grocery-worker beneficiaries, whereas the City represents the interests of the public at large, including "businesses and employers who may claim to be harmed by the passage of the Ordinance."  *Golden Gate Rest. Ass'n*, 2007 WL 1052820, at *4.

Local 324 and its counsel can also augment the City's defense—and the Court's understanding—of this case.  Local 324 has significant knowledge of the grocery retail industry in general and the City's grocery industry in particular.  *See, e.g.*, *Sagebrush*

*Rebellion, Inc.*, 713 F.2d at 528 (holding inadequacy shown in part by applicant "having expertise apart from that of the Secretary"). Local 324's counsel has extensive experience litigating cases challenging state and local minimum-wage laws on constitutional and labor-preemption theories, including cases of direct relevance to CGA's claims here.[2] This experience will aid the City in defense of the Ordinance and aid the Court in sorting through CGA's claims.

In light of Local 324 and its members' narrower interests in the Ordinance than the public at large its interests will not be adequately represented unless it is permitted to intervene.

## II. Local 324 also qualifies for permissive intervention.

If there is any doubt that Local 324 qualifies for intervention of right, the Court should allow permissive intervention. A court considers three factors in determining whether to allow permissive intervention: (1) the existence of independent grounds for jurisdiction; (2) timeliness; and (3) whether the applicant's claim or defense and the main action share common questions of law or fact. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Rule 24(b)(3) also requires the Court to consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Local 324 meets these requirements. Independent grounds for jurisdiction are not required where the district court's jurisdiction is grounded in a federal question and the proposed intervenor does not seek to bring new state-law claims. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Local 324 brings no new claims. Its application for intervention is timely, coming before the City

---

[2] Cases that Local 324's counsel have litigated include: *Livadas v. Bradshaw*, 512 U.S. 107 (1994); *RUI v. City of Berkeley*, 371 F.3d 1137 (9th Cir. 2004); *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F.Supp.3d 1177, 1179 (C.D. Cal. 2015), aff'd, 834 F.3d 958 (9th Cir. 2016); *Fortuna Enter. L.P. v. City of Los Angeles*, 673 F.Supp.2d 1000 (C.D. Cal. 2008); *Woodfin Suite Hotels LLC v. City of Emeryville*, No. 06-cv-1254-SBA, 2006 WL 2739309 (N.D. Cal. Aug 23, 2006); and *520 S. Michigan Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119 (7th Cir. 2008).

has filed an answer or motion to dismiss. Intervention will not unduly delay or prejudice the original parties' rights, as Local 324 has stipulated that it does not seek to submit briefing on CGA's pending preliminary-injunction motion. Finally, Local 324's defenses share common questions of law and fact with the City's defense of the ordinance. Permissive intervention should be granted if mandatory intervention is not. *See Employee Staffing Services v. Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994) (affirming permissive intervention of labor group to defend measure it supported).

## CONCLUSION

For the foregoing reasons, the Court should grant Local 324's unopposed motion to intervene should be granted.

Dated: February 9, 2021      Respectfully Submitted,

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

By: */s/Paul L. More*
    PAUL L. MORE
    LUKE DOWLING

*Attorneys for Proposed Intervenor United Food & Commercial Workers Local 324*

# CERTIFICATE OF SERVICE

I am employed in the city and county of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 595 Market Street, Suite 800, San Francisco, California 94105.

On February 9th, 2021, I served a copy of the foregoing document

**PROPOSED INTERVENOR UNITED FOOD & COMMERCIAL WORKERS LOCAL 324's UNOPPOSED MOTION TO INTERVENE**

on the interested party(s) in this action, as follows:

*By ECF System - Court's Notice of Electronic Filing:*

| | |
|---|---|
| **William F Tarantino**<br>**Byung-Kwan Park**<br>**Robert Santos Sandoval**<br>Morrison and Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>415-268-7000<br>Fax: 415-268-7522<br>Email: wtarantino@mofo.com<br>Email: bpark@mofo.com<br>Email: RSandoval@mofo.com<br><br>**Tritia M Murata**<br>Morrison and Foerster LLP<br>707 Wilshire Boulevard Suite 6000<br>Los Angeles, CA 90017-3543<br>213-892-5200<br>Fax: 213-892-5454<br>Email: tmurata@mofo.com<br><br>*Attorneys for California Grocers Association* | **Christopher M Pisano**<br>Best Best and Krieger LLP<br>300 South Grand Avenue 25th Floor<br>Los Angeles, CA 90071<br>213-617-8100<br>Fax: 213-617-7480<br>Email: christopher.pisano@bbklaw.com<br><br>*Attorneys for City of Long Beach* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1 | Executed on this 9th Day of February, 2021, at San Francisco, California.

_____
Katherine Maddux