WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
KWAN PARK (SBN 306719)
BPark@mofo.com
ROBERT SANDOVAL (SBN 311032)
RSandoval@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

TRITIA M. MURATA (CA SBN 234344)
TMurata@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff
CALIFORNIA GROCERS ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CALIFORNIA GROCERS ASSOCIATION, | Case No. 2:21-cv-00524 ODW(ASx) |
|---|---|
| Plaintiff, | **PLAINTIFF CALIFORNIA GROCERS ASSOCIATION'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE FILED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CITY OF LONG BEACH, | |
| Defendant. | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

sf-4428767

## I. INTRODUCTION

On February 12, 2021, Defendant City of Long Beach ("the City") submitted objections to Plaintiff California Grocers Association's ("CGA") evidence filed with its reply brief in support of its preliminary injunction motion. (Dkt. No. 34.) CGA respectfully requests that the Court consider its brief response to these objections. Because the evidence is either directly responsive to Defendant's evidence or was generally unavailable at the time of Defendant's motion, CGA's evidence should be considered by this court and the City's objections should be overruled. To the extent the Court believes there is any possible prejudice to Defendant, the appropriate remedy is not to strike the evidence, but to permit Defendant to submit an appropriate response.

## II. ARGUMENT

### A. The evidence was either unavailable to CGA or a direct rebuttal to the City's opposition.

The City released the language of this Ordinance to the public on January 15, 2021, the absolute minimum public notice. (Declaration of William F. Tarantino in Support of Plaintiff's Opposition to Defendant's Objections ("Tarantino Decl.") ¶ 2.) The City Council took up the matter on January 19, 2021 and took action so that the ordinance would have immediate effect on passage. Due to the immediate effect of this emergency Ordinance, CGA was compelled to file lawsuit quickly after passage by the City on January 20, 2021—just one day after the Ordinance became operative on January 19. (Dkt. Nos. 1-2.) CGA filed its initial *ex parte* application for a temporary restraining order just one day after filing of its Complaint on January 21. (Dkt. No. 18.). As of that date, the Ordinance had only been in effect for two days, and even that was in question as the City Council met on Friday January 22, 2021 to cure an apparent procedural defect in the enactment of the Ordinance. (Tarantino Decl. ¶ 3.)

The evidence submitting by CGA was not reasonably available on January

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

sf-4428767

21, especially as it largely relates to the actual impacts of the Ordinance on CGA members.   The declarations include testimony attesting to the following facts:

(1)  Kroger's February 1, 2021 announcement regarding its closure of two Long Beach stores as a result of the fiscal impact of the Ordinance (Dkt. No. 26-6, Declaration of William E. Smith);

(2)  UFCW representatives' canvassing non-union grocery stores in late January to advise employees of the passage of the Ordinance and to contact UFCW representatives if their employers did not comply (Dkt. No. 26-1, Declaration of Teshawn Leslie; Dkt. No. 26-4, Declaration of Manual Anaya; Dkt. No. 26-5, Declaration of Remberto Martinez);

(3)  An economic study completed and released to the public on January 28th regarding the broader economic effects of the Ordinance in Southern California, which responds to the City's argument and the testimony of City Economic Development Director John Keisler that the Ordinance is designed to provide greater economic relief to those impacted by the pandemic; (Dkt. No. 26-2, Declaration of Brad Williams, Tarantino Decl. ¶ 4.);

(4)  Testimony from a local grocery chain attesting to the impact that the Ordinance caused to several of its Long Beach stores; (Dkt. No. 26-3, Declaration of John Franklin); and

(5)  A newspaper article and scientific study presented in rebuttal to the City's presentation of testimony from UFCW 324 president Mark Bell, which the City used  to characterize the health risk to grocery workers.  Mr. Bell testified that there were 158 cases reported among 1,365 UFCW workers.  No comparison or other analysis was provided.  The article and scientific paper discussed the highest risk occupations, and noted that increased relative risk to retail workers during the pandemic was lower than the state's average.  (Dkt. No. 26-7, Declaration of William F. Tarantino)

2

Within the two weeks following the formal enactment of the Ordinance, CGA took reasonable steps to supplement the evidentiary record, and provided the evidence that the expected harm had been realized.

The City's claim that there was either a deliberate or inadvertent withholding of evidence is meritless, and yet another baseless attack on CGA's members.  As expected, the Grocers have experienced direct, irreparable harm as a result of this Ordinance, and the balance of harms tilts sharply in their favor.   The evidence was submitted by CGA in response to the City's opposition, and is not "new evidence" as the City so suggests.  *See Villery v. Beard*, 2018 U.S. Dist. LEXIS 204499 at *6 (E.D. Cal. Nov. 30, 2018) ("where evidence is submitted in direct response to proof adduced in opposition to a motion it is not new") (internal citations omitted); *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1205 n.31 (C.D. Cal. 2007).  In light of these facts, the Court should exercise its discretion to both admit and consider this evidence.

### B.   The City misstates the law regarding the Court's discretion to consider this evidence.

The City's claim that this Court lacks discretion to consider CGA's evidence is wrong.  In contrast to the standard for motions for summary judgment, the evidentiary standards for preliminary injunction motions are inherently more flexible as they are designed to address immediate harm and, by design, must consider rapidly changing facts.  The City misstates the relevant standards and claims the Court must disregard CGA's evidence absent an order permitting a supplemental submission.  Objections at 5.  This is not true.  Courts have broad discretion to rely on challenged evidence and evidence submitted by "all parties." *See Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (noting that evidence must not meet heightened standards of admissibility and credibility when submitted in support of preliminary injunction motion).  Evidence should be considered by the court where it would "serve[] the purpose of preventing

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

irreparable harm before trial." *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1394.  (9th Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial."); *see also Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395 ("[G]iven the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete[.]")

Plaintiff's reliance on *El Pollo Loco v. Hashim*, 316 F.3d 1032 (9th Cir. 2003), is similarly misplaced.  The *El Pollo Loco* court held that, in the preliminary injunction context, new *arguments* submitted in support of a reply, could be disregarded in the court's discretion.  *Id.* at 1040-41 (emphasis added).  It did not address supplemental evidence.  *Id.*  The City also cites *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) despite the fact that the court's opinion in *Provenz* fails to support their argument.

In *Provenz*, the court considered whether the district court's refusal to consider evidence submitted on reply in support of summary judgment was proper. *Id.* at 1483.  Contrary to the City's characterization of the case, the court ruled that the District court erred by *failing* to consider the new evidence, and further noted that such evidence can be considered if the other side is afforded an opportunity to respond.  *Id.* at 1483.  Ultimately, the Ninth Circuit thus considered the evidence submitted by both parties.  *Id.* at 1483 ("in resolving this appeal… we have considered both the evidence submitted by defendants in their reply and the evidence submitted by plaintiffs in their supplemental declaration").  The City's suggestion that this Court is barred from considering CGA's evidence misreads *Provenz*.

The City's cited authority fails to support its contention that evidence of the type submitted in this action may not be considered by the Court in the preliminary injunction context. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)

4

(addressing new legal arguments raised for the first time in reply brief in anti-SLAPP motion); *Tovar v. U.S. Post Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (reversing an ALJ's grant summary judgment, and striking government statistics submitted for the first time with reply brief *on appeal* as outside of the reviewable factual record); *Cal. Expanded Metal Prod. Co. v. Klein*, 426 F.Supp.3d 730, 743 (W.D. Wash. 2019) (presentation of supplemental declaration on reply in summary judgment context); *Asics Am. Corp. v. Lutte Licensing Grp. LLC*, 2014 WL 10538912, at *1 n.2 (N.D. Cal. July 17, 2013) (considering new evidence on reply in summary judgment context); *Single Touch Interactive, Inc. v. Zoove Corp.*, 2013 WL 3802805, at *1 n.2 (N.D. Cal. July 17, 2013) (considering expert declarations in *Markman* hearing context); *Cuviello v. Cal Expo*, 2013 WL 2664629, at * 7 (E.D. Cal. June 12, 2013) (not considering declarations related to standing on reply); *Mehr v. Cty. Of Orange*, 2010 WL 11595724, at *3 (C.D. Cal. May 3, 2010) (considering declarations presented with reply related to likelihood of success on the merits, while stating *in dicta* that they should have been presented with moving papers); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) (incorrectly applying appellate rule regarding waiver, and striking new evidence and arguments where party changed position on reply); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F.Supp.2d 1208, 1214 (W.D. Wash. 2003) (granting Plaintiff's preliminary injunction without considering evidence submitted on reply that Defendant could not respond to).

## C. CGA would be unduly prejudiced by exclusions of the evidence, in light of the City's ability to respond.

It would be fundamentally unfair to CGA's members for this Court to deny interim relief because the Ordinance's anticipated effects, as described in its *ex parte* application, were "speculative," but then disregard evidence of the Ordinance's actual effects as untimely.  The events described in the additional evidence occurred after the Ordinance was enacted, and after the initial moving

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

sf-4428767

papers were submitted, or are otherwise proper rebuttal evidence.  The impact of the Ordinance could not be known with absolute certainty until the Ordinance was enacted, and none of the analysis submitted to the Court was available at the time the request for a TRO was filed.  Needless to say, CGA's members have experienced significant and ongoing harm as a result of the enactment of the Ordinance, and all of the evidence is directly related to CGA's need for preliminary relief.  In any event, in light of the City's argument that the evidence has nominal or nonexistent probative value, any need for a further response by the City should not pose an undue burden.  Objections at 9.

CGA contends that consideration of all of the evidence in support of this motion is warranted, and any claimed prejudice can be remedied by a response to CGA's evidence, as the *Provenz* court contemplated.  102 F.3d 1478, 1483 (noting that giving the "[non-]movant an opportunity to respond" is sufficient in order to consider Plaintiff's evidence submitted in support of reply); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (noting defendant had opportunity to respond through objections and accepting supplemental declarations filed with Defendants' objection in order to provide chance to respond); *Simmons v. Morgan Stanley Barney, LLC*, 872 F.Supp.2d 1002, 1008 (S.D. Cal. 2012) (denying request to strike new evidence but permitted defendant to file a sur-reply).  The City's attempt to suppress the evidence related to the harm flowing from its actions and its impact on the public should be rejected.

## III.   CONCLUSION

For the foregoing reasons, CGA respectfully requests that the City's objections be overruled and CGA's evidence be considered by this Court.

6

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

sf-4428767

1    Dated:    February 16, 2021      MORRISON & FOERSTER LLP

2

3                        By: /s/ William F. Tarantino (ECF)

4                             William F. Tarantino

5                          Attorneys for Plaintiff
                           CALIFORNIA GROCERS

6                            ASSOCIATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

sf-4428767